Judge Owsley
delivered the opinion of the court.
This writ of error is brought to reverse a judgment recovered by Berry, in the circuit court, on the trial of an appeal prosecuted by Thornberry, from a judgment rendered by a justice of the peace, upon the trial of a warrant which issued in favor of Berry.
The object of the warrant was to recover the amount of a fifty dollar note on the bank of Pennsylvania, which had been passed to Berry by Thornsberry.
On the trial in the circuit court, it was proven, that at the time Berry received the note, Thornberry promised to take it back, if Berry could not pass it, or make it answer his purpose; that Berry afterwards passed the note to some person in the state of Indiana, and about three months thereafter the note having in the mean time, been passed to others; upon its being returned to Berry, by the person to whom he passed it, he took it back, and demanded the amount Thornberry. It was also proven that Berry had said that he could, after the note was returned, have frequently passed it, but supposing it bad would not, and, moreover, that if he had failed to recover from Thornberry, he and those through whose hands the note had passed, were to share the loss—whereupon the court was moved to instruct the jury that if they believed Berry, after passing the note, received it back without coercion, he could not recover upon the contract proved unless they should be of opinion the note was bad—but the motion was overruled, and the evidence spread upon the record by a bill of exceptions.
From any view the evidence has presented itself to the mind of this court, the principle is not perceived, upon which the decision of the circuit court, in refusing to instruct the jury, can be sustained.
If Berry could not have passed the note, there would be no doubt, but that under his promise to take it back Thornberry would have been responsible, but having passed it, the note must be supposed to have answered the purpose of Berry, and by voluntarily, and without coercion, again receiving it, with an understanding that if a recovery should not be bad against Thornberry, that those through whose hands it had passed, should share the loss, surely can have produced no breach of Thornberry’s promise, to take back *328 the note if Berry could not pass it, unless the note were proven bad.
Haggin for plaintiff, Crittenden for defendant.
The promise ought perhaps to be construed equivalent to a warranty of the goodness of the note, and upon proof of its badness, Thornberry should be made accountable altho' it were passed by Berry; but in the absence of such proof after having passed the note, Berry can have no right to recover.
The judgment must therefore be reversed with costs, the cause remanded and further proceedings had, not inconsitent with this opinion.